Filed 1/26/18; Certified for Publication 2/26/18 (order attached)

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**THIRD APPELLATE DISTRICT**

**(Sacramento)**

**----**

| | |
|---|---|
| CAL FIRE LOCAL 2881, | C082532 |
| Plaintiff and Appellant, | (Super. Ct. No. 34-2015-80002020-CU-WM-GDS) |
| v. | |
| PUBLIC EMPLOYMENT RELATIONS BOARD, | |
| Defendant and Respondent; | |
| STATE PERSONNEL BOARD, | |
| Real Party in Interest and Respondent. | |

This appeal has consumed nearly seven years of administrative and judicial resources in the pursuit of an untenable litigation position.  Plaintiff Cal Fire Local 2881[1]

---

[1] The agency for which plaintiff's unit toils is formally titled "the Department of Forestry and Fire Protection"; however, the Legislature has also authorized the use of the

1

(plaintiff) is an employee association that acts as the exclusive representative of a bargaining unit of personnel in various classifications in the civil service who work throughout the state for appointing power Cal Fire (which is not a party to this case). Plaintiff appeals from the denial of its petition for a writ of mandate directing defendant Public Employment Relations Board (the PERB) to issue a complaint on the unfair labor practice charge that plaintiff filed with it against real party in interest State Personnel Board for failure to meet and confer with plaintiff over the changes the State Personnel Board effected in the regulations governing its procedures for adjudicating disciplinary hearings and appeals, which apply uniformly to *all* employees in the civil service.

Both the PERB and the trial court have provided cogent decisions explaining why this challenge to the PERB's dismissal of the charge is without *any* basis in law. Plaintiff nonetheless persists. Fortunately for plaintiff, neither the PERB (which appears in this court to defend the judgment) nor the State Personnel Board request imposition of sanctions for a frivolous appeal. We accordingly affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

This case turns on what is essentially a legal question. We set out the operative facts, which are not disputed, and some general legal principles for context before we proceed to the Discussion.

In *2010*, the State Personnel Board promulgated proposed changes in the procedures that govern its disciplinary hearings and appeals conducted pursuant to its duty under the Constitution to "review disciplinary actions" in the civil service. (Cal. Const., art. VII, § 3, subd. (a).) Plaintiff had the same opportunity as the general public

---

acronym Cal Fire in lieu of the formal name. (Pub. Resources Code, §§ 701, subd. (a), 701.6, subd. (a).) As plaintiffs have incorporated this usage in their name and the parties employ it in their briefing, we follow their lead.

2

to submit comment (submitting objections to the changes), but the State Personnel Board rejected plaintiff's demand that it "meet and confer" about the regulations, the duty imposed under the Ralph C. Dills Act (the Dills Act; Gov. Code, § 3524; see *id.*, § 3512 et seq.)[2] to meet and confer with exclusive representatives before imposing any changes in the terms and conditions of employment of the members in the unit of the exclusive representative. (See § 3517 [generally defining scope of the meet-and-confer obligation].) The State Personnel Board issued the new regulations in August 2010, the details of which are immaterial. (Cal. Code Regs., tit. 2, art. 4, Hearings and Appeals, Register 2010, No. 34 (Aug. 20, 2010) p. 1 [see digest of new regulations listing affected sections].)

Plaintiff filed its charge with the PERB in February 2011, identifying *only* the State Personnel Board as unlawfully refusing to meet and confer under the Dills Act (§ 3519, subd. (c))[3] over changes to terms and conditions of employment; it eschewed any intent to name either Cal Fire or the designated representative of the Governor[4] in the charge. It requested the PERB to order the State Personnel Board to rescind the new regulations until it first met and conferred with plaintiff. After allowing plaintiff to file an amended charge in November 2011, the PERB's general counsel dismissed the charge in December 2011 on the ground that the State Personnel Board's constitutional authority to oversee disciplinary actions as part of the general merit principle cannot be restricted

---

[2] Undesignated statutory references are to the Government Code.

[3] Section 3519 provides in relevant part: "It shall be unlawful for the state to do any of the following: [¶] . . . [¶] (c) Refuse or fail to meet and confer in good faith with a recognized employee organization."

[4] The Department of Human Resources (formerly called the Department of Personnel Administration (see Stats.1999, ch. 918, § 3, p. 6648)) is the Governor's designated representative for purposes of meeting and conferring to establish terms and conditions of employment under the Dills Act. (§§ 3517-3517.5, 19815, subd. (a), 19815.4, subd. (g).)

3

under the Dills Act, which the Legislature specifically crafted to avoid any such conflict. (*State Personnel Bd. v. Department of Personnel Admin.* (2005) 37 Cal.4th 512, 526-527; *Pacific Legal Foundation v. Brown* (1981) 29 Cal.3d 168, 174.)

The PERB affirmed the dismissal on a different ground in June 2013, declining to address the constitutional issue. It relied on a prior precedential decision[5] in which a PERB plurality had found the term "state" as used in section 3519 was broader for unlawful labor practices than "state employer" as defined in section 3513[6] (which is limited to the Governor's designated representative in the context of meeting and conferring), and therefore any state agency—including the State Personnel Board—can be liable *if* it violated section 3519.[7] The PERB concluded in the present case that *only* an appointing power can violate the duty to meet and confer under section 3519 for a failure to meet and confer over changes in working conditions, because an employee organization for a different appointing power cannot offer any quid pro quo to any *other* state entity in response to concessions, and thus the State Personnel Board could not commit an unfair labor practice against members of the Cal Fire unit.

---

[5] *International Union of Operating Engineers v. State of California* (*State Personnel Board*) (2006) PERB Decision No. 1864-S [31 PERC § 11] (*State Personnel Board*).

[6] Section 3513 provides in relevant part: "As used in this chapter: [¶] . . . [¶] (j) 'State employer,' or 'employer,' for the purposes of bargaining or meeting and conferring in good faith, means the Governor or his or her designated representatives."

[7] The plurality ultimately concluded that the State Personnel Board had not violated any right guaranteed under the Dills Act when it declined to confirm a settlement of a contractual grievance system for discipline. (*State Personnel Board*, *supra*, PERB Dec. No. 1864-S, pp. 21-23, 26-27 [premising this holding on analogous Supreme Court decision in *State Personnel Bd. v. Department of Personnel Admin.*, *supra*, 37 Cal.4th at pp. 526-527, which found appointing powers and employees cannot resort to contractual grievance disciplinary system in derogation of the State Personnel Board's constitutional authority over discipline].)

Plaintiff sought a writ of mandate directing the PERB to reinstate the charge and issue a complaint. In December 2014, the trial court issued its judgment.

The trial court concluded that the PERB was not erroneous in interpreting the term "state" in section 3519 more broadly than the statute defining "employer" for purposes of meeting and conferring to establish conditions of employment (§§ 3513, subd. (j) & 3517-3517.5), for which reason an appointing power—or indeed any state entity—comes within the term "state" for purposes of an unlawful practice. The court also took note of another past precedential decision (*Gonzalez-Coke v. California State Employees Assn.* (2000) PERB Dec. No. 1411-S, pp. 17-18 & fn. 11 [25 PERC § 32006] (*Gonzales-Coke*)), concluding it was not erroneous for *Gonzalez-Coke* to have found that the reach of section 3519 is limited to state entities acting as *employers* in the sense of the purposes of the Dills Act (see § 3512).[8] However, the court found that the distinction drawn in the PERB's present decision, in which it found that a state entity acts as an "employer" only with respect to its own employees was erroneous, because it would lead to the conclusion that the State Personnel Board (or the PERB) would be obliged to meet and confer about proposed regulatory changes *only* with its own employees and no others; the trial court considered this to be an absurd form of line-drawing. It therefore granted the request in the petition to vacate the decision, and directed the PERB to apply the distinction as posited in *Gonzales-Coke* in deciding whether the State Personnel Board was acting as an employer or a regulator. It denied the request in the petition to direct a finding of an unlawful labor practice. Plaintiff did not appeal the decision.

Within days, the PERB issued its new decision. Consistent with the directions on remand, the PERB acknowledged it had in *State Personnel Board* found the State

---

[8] The plurality in *State Personnel Board* did not consider the holding of *Gonzalez-Coke*; a concurring opinion relied on it as a basis to dismiss the charge. (*State Personnel Board*, *supra*, PERB Dec. No. 1864-S, pp. 31, 33-34, 36.)

Personnel Board subject to section 3519 as a "state" entity "in certain circumstances." (Citing *State Personnel Board*, *supra*, PERB Dec. No. 1864-S, p. 23.) Under the facts of the present case, the State Personnel Board had adopted uniform regulations for all employees in the civil service, not limited to its own employees or any other particular bargaining unit. A duty to meet and confer in these circumstances with the 21 represented units would be antithetical to the need for uniformity. Therefore, the State Personnel Board was acting in its regulatory capacity, not as an employer, and was not subject to section 3519. As a result, the PERB dismissed the charge.

Rather than accept the PERB's straightforward application of its own precedent to this matter as the writ of mandate directed, plaintiff again sought judicial review with its present petition in February 2015. In its ruling, the trial court first found that plaintiff was precluded from relitigating the legal issue that was adjudicated in the prior proceeding: PERB did not erroneously interpret section 3519 as applying to a state entity *only* when it acts as an employer and *not* as a regulator. However, plaintiff persisted in arguing that a regulator could still be an employer, contending there was a distinction between the adjudicatory function at issue in *Gonzales-Coke* and the quasi-legislative function at issue in the present case. The trial court rejected that distinction as creating an absurd situation in which any statewide policy decision having an impact on the conditions of state employment would be subject to negotiation with the represented bargaining units (pointing out past PERB decisions that concluded neither the Governor's budget proposal nor legislative changes to the state retirement system was subject to negotiation because these were acts under constitutional roles other than employer[9]).

_____

[9] *AFSCME Local 2620 v. State of California* (*Department of Personnel Administration*) (2008) PERB Decision No. 1978-S, pages 1, 9-10 [32 PERC § 148] (Legislature's exercise of its plenary legislative power is not subject to Dills Act, which reflects limited delegation of legislative power); *California State Employees Association, SEIU, Local 1000 v. State of California* (*Department of Personnel Administration*) (1988) PERB

6

The court also noted that plaintiff's reliance on *Los Angeles County Civil Service Com. v. Superior Court* (1978) 23 Cal.3d 55 (*Civil Service Com.*) was inapt, because its holding is limited to the *distinct* statutory scheme of the Meyers-Milias-Brown Act (MMB Act; § 3500.5; see § 3500 et seq.) governing the employment relations of *local* entities. Moreover, whatever the merit to plaintiff's constitutional claim under *Civil Service Com.*, it "has no bearing on this case because PERB's decision is not based on the ground" of unconstitutionality. The court therefore entered judgment on May 18, 2016, in favor of the PERB and State Personnel Board. Plaintiff filed its notice of appeal on July 19, 2016.

## DISCUSSION

### 1.0 Standard of Review

Although the Dills Act would appear to give the PERB plenary authority over a decision not to issue a complaint in response to a charge (§§ 3514.5 & 3520, subd. (b)), the superior court may issue a writ of mandate directing the PERB to issue a complaint in three narrow circumstances: where its decision violates a constitutional right, exceeds a specific grant of authority, or is based on an erroneous statutory construction (*International Assn. of Fire Fighters, Local 188, AFL-CIO v. Public Employment Relations Bd.* (2011) 51 Cal.4th 259, 271). With respect to the third circumstance, we accord at least weak deference to an agency's interpretation of its governing statutes where, as here, its expertise gives it superior qualifications to do so; however, the interpretation of statutes is nonetheless ultimately subject to our de novo review. (*County of Sonoma v. Cohen* (2015) 235 Cal.App.4th 42, 47.) Under weak deference, if the interpretive question is close we will defer to the PERB's plausible opinion and favor it

---

Decision No. 706-S, pages 1-2, 6 [13 PERC § 20010] (no duty to meet and confer before submitting budget).

7

over a contrary interpretation from other parties.  (*Spanish Speaking Citizens'*

*Foundation, Inc. v. Low* (2000) 85 Cal.App.4th 1179, 1215.)[10]

**2.0**     *Civil Service Com.* **Is Neither Controlling** *Nor* **Apposite**

As in *Covarrubias v. Cohen* (2016) 3 Cal.App.5th 1229, 1235, "In truth, we have

little to add to the [PERB's and] trial court's . . . dispatch of the merits of the [dispute,

but] [w]e are obligated to respond to the arguments plaintiff[] renew[s] . . . on appeal.

We remain unpersuaded."  As the trial court explained, apparently to no avail, the case

that is central to the argument in plaintiff's appeal is not apposite in two respects (to

which we add a third).

*Civil Service Com.*, *supra*, 23 Cal.3d 55, found that a county civil service board

could be liable *under the MMB Act* for an unlawful failure to meet and confer before

amending its procedural rules, and that subjecting the board to the MMB Act did not

violate *the home rule provisions* of the California Constitution (*id*. at p. 59).  The MMB

Act definition of a "public agency" subject to its provisions includes every county

(§ 3501), and section 3505 imposes its meet-and-confer obligation on the "governing

bodies of all public agencies *and* on such commissions or 'other representatives as may

be properly designated by law.' " (*Civil Service Com.*, *supra*, at p. 64, italics added.)

"The commission fits within section 3505['s] [meet-and-confer obligation] as a

representative designated by the [Los Angeles] [C]ounty charter to administer rules for

the classified service." (*Ibid*.)  As for the home rule provision of the Constitution,

subjecting the county and its board to the MMB Act was not a violation because the

---

**10**  The California Supreme Court recently granted review in *Boling v. Public Employment Relations Bd.* (2017) 10 Cal.App.5th 853 on July 26, 2017, S242034, on the issue of what deference the PERB is owed in interpreting one of its governing statutes, and the matter is now fully briefed.

board's "integrity as a neutral administrator of the merit system" is not impaired because it is free to act *after* meeting and conferring.  (*Civil Service Com.*, at pp. 65-66.)

First, plaintiff entirely fails to address the statutory distinction in its briefing, beyond blithely stating that *Civil Service Com.* "was not premised on any language unique to the [MMB Act]" (an assertion that flies in the face of the opinion's citation of the pertinent provision of the MMB Act expressly subjecting the civil service board to its provision as a designee of the county, in contrast with anything in the Dills Act that would expressly subject the State Personnel Board qua *adjudicator* to its provisions), and that the MMB Act's "purpose" is "almost identical" to the Dills Act (as if "purpose" is sufficient to transcend statutory language).  Second, plaintiff seems oblivious to the point that any constitutional restrictions on the reach of the Dills Act are not implicated in this appeal, as both the PERB and trial court took pains to point out.  Third, plaintiff does not present any argument that would create an analytic bridge between the principles at issue in the home rule provision in *Civil Service Com.* and the State Personnel Board's constitutional authority over the civil service system.

An appellant has the obligation to demonstrate error in a trial court's reasoning. (*Imagistics Internat., Inc. v. Department of General Services* (2007) 150 Cal.App.4th 581, 588.)  This is true even where the standard of review is de novo.  (*Claudio v. Regents of University of California* (2005) 134 Cal.App.4th 224, 230 [trial court is not a " 'potted plant' " to be disregarded].)  This dereliction absolves us of responding any further to this ill-framed argument, which is not made any more persuasive with citations to *other* cases applying the holding of *Civil Service Com.* to local public agencies (which we do not need to distinguish individually on the same grounds).

**3.0    That the State Personnel Board *Could* Be Liable for Unfair Labor Practices as a State Entity Nonetheless Leaves an Analytic Shoe Undropped**

The point of this argument is unclear.  No one takes issue with the premise drawn from *Gonzales-Coke* and *State Personnel Board*, summarized above, that section 3519's use of the broader term "state" subjects all state entities to liability for an unfair labor practice for failure to meet and confer over changes in working conditions.  However, being subject to section 3519 and actually violating section 3519 are two separate matters.  The latter requires the state entity to be acting as an employer within the purpose of the Dills Act.[11]  Plaintiff completely fails to explain how the State Personnel Board's amendments to its own uniform hearing and appeals procedures translate into acting as an employer with respect to the members of plaintiff's unit (or any other bargaining unit).  The lack of an "employer-employee" relationship between the parties to this action is reflected in the absence of any real remedy for plaintiff's members.  At best, plaintiff would be allowed to give input regarding the quasi-legislative process of promulgating procedural regulations for the State Personnel Board's processing of claimed violations, but plaintiff has already been afforded the opportunity to make public comment.  Absent Cal Fire (or the Governor's designated representative), the State Personnel Board cannot have any direct effect on the actual working conditions of the unit members.  Nor does the Department of Human Resources have any power in meeting and conferring with plaintiff to compel the State Personnel Board to change its regulations.

Plaintiff also reasserts its premise that the Dills Act does not conflict with the State Personnel Board's constitutional authority over discipline.  We reiterate that the constitutional limits of the Dills Act are *not* at issue in this case.

---

[11]  It is difficult to posit how any entity other than an appointing power *can* act as an employer, but we do not need to develop that hypothetical in this opinion.

10

**4.0** *Gonzalez-Coke* **Is Not Distinguishable**

Plaintiff is incorrect is asserting *Gonzalez-Coke*, *supra*, PERB Decision No. 1411-S [25 PERC § 32006] is not binding; plaintiff never appealed the judgment directing the PERB to apply the holding in that decision to the present case. It is therefore the legal framework within which plaintiff must operate, and it is therefore irrelevant what the PERB may have held in other (mostly unspecified)[12] cases that purportedly conflict with *Gonzalez-Coke*.

The exact nature of the unfair labor charge that the PERB was adjudicating in *Gonzalez-Coke* is immaterial. It is the fact that the PERB *was* acting in an adjudicatory function. The State Personnel Board is similarly acting in its adjudicatory function in modifying the rules of procedure that apply uniformly to its disciplinary hearings and appeals. Plaintiff's argument is akin to a claim that the Supreme Court is not acting as a court in amending its Rules of Court.

Plaintiff fails otherwise to offer a salient argument—indeed, *any* argument—that would establish the State Personnel Board was acting as an employer. Nor, for that matter, has plaintiff engaged at any point with the fundamental absurdity of its position, which taken to its logical conclusion would require the State Personnel Board to meet and confer with all 21 bargaining units about changes to its process for disciplinary review, leaving the possibility of inconsistent outcomes. We thus reject the claim that *Gonzalez-Coke* does not control the outcome in this case.

---

[12] The only other precedential decision cited in plaintiff's opening brief is *California State Employees' Association v. State of California* (*Department of Transportation*) (1983) PERB Decision No. 333-S [7 PERC § 14225], the relevance of which escapes us because the PERB rejected the argument *of the appointing power* that *its* transfers among classifications were immune from any duty to meet and confer because the State Personnel Board had created the classifications pursuant to its constitutional authority, since that authority did not extend to the terms and conditions applied to the classifications (*id*., pp. 2, 4, 7-8).

11

## DISPOSITION

The judgment is affirmed.  The PERB and the State Personnel Board shall recover costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)


                                                                                                                                       BUTZ            , J.

We concur:

RAYE           , P. J.

BLEASE         , J.

# CERTIFIED FOR PARTIAL PUBLICATION[*]

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| CAL FIRE LOCAL 2881, | C082532 |
| Plaintiff and Appellant, | (Super. Ct. No. 34-2015-80002020-CU-WM-GDS) |
| v. | |
| PUBLIC EMPLOYMENT RELATIONS BOARD, | ORDER CERTIFYING OPINION FOR PARTIAL PUBLICATION |
| Defendant and Respondent; | |
| STATE PERSONNEL BOARD, | [NO CHANGE IN JUDGMENT] |
| Real Party in Interest and Respondent. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Timothy M. Frawley, Judge. Affirmed.

Messing Adam & Jasmine, Gary M. Messing and Jason H. Jasmine for Plaintiff and Appellant.

---

[*] Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts 1.0 and 2.0 of the Discussion.

J. Felix de la Torre, Wendi L. Ross and Mary Weiss for Defendant and Respondent.

Frolan R. Aguiling, Linda A. Mayhew, Sandra L. Lusich and David M. Villalba for Real Party in Interest and Respondent.


THE COURT:

The opinion in the above-entitled matter filed on January 26, 2018, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be certified for publication in the Official Reports with the exception of parts 1.0 and 2.0 of the Discussion and it is so ordered. There is no change in judgment.

FOR THE COURT:


      RAYE      , P. J.


      BLEASE      , J.


      BUTZ      , J.